Roksana D. Moradi-Brovia (Bar No. 266572)
W. Sloan Youkstetter (Bar No. 296681)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
sloan@RHMFirm.com

*Attorneys for Debtor*
Orlando F. Cabanday

FILED & ENTERED
FEB 06 2025
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY sumlin DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re

ORLANDO F. CABANDAY,

Debtor.

Case No. 2:24-bk-10037-NB

Chapter 11

**ORDER CONFIRMING DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Date: January 28, 2025
Time: 2:00 p.m.
Place: Courtroom 1545
255 E. Temple Street
Los Angeles, CA 90012

A hearing on confirmation of the "First Amended Chapter 11 Plan of Reorganization" [Docket No. 92] (hereinafter the "Plan") filed by Orlando F. Cabanday, the "Debtor" and "Debtor-in-Possession" in the above-captioned case, took place at the above time and location, before the Hon. Neil Bason, United States Bankruptcy Judge. Appearances are as noted on the record.

Upon consideration of the Debtor's "Plan Confirmation Brief" [Docket No. 106], the notice of errata re Plan [Docket No. 99], the "Plan Treatment Stipulation" [Docket No. 101; order thereon is at Docket No. 103] (the "Deutsche Bank Stipulation") entered into between the Debtor and Deutsche Bank National Trust Company as Trustee for Indymac Indx Mortgage Loan Trust 2006-AR5, Mortgage Pass Through Certificates Series 2006-

AR5 ("Deutsche Bank"), and the declarations and evidence submitted in connection therewith; the record in the Debtor's Chapter 11 case; for the reasons stated by the Court on the record, and having issued a tentative ruling that is attached hereto as **Exhibit "A,"** which the Court adopts as its final ruling and incorporates by reference; and good cause appearing therefor, the Court finds and concludes:

A. That the requirements for confirmation set forth in 11 U.S.C. §§ 1129(a) 1191(a) have been satisfied.

B. That the Plan complies with the applicable provisions of Chapter 11 of the Code.

C. That the Debtor, as proponent of the Plan, has complied with the applicable provisions of the Code.

D. That the Plan has been proposed in good faith and not by any means forbidden by law.

E. That any payment made or promised by the Debtor for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, have been disclosed to the Court; and

F. Any such payment made before confirmation of the Plan is reasonable or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable.

G. That with respect to each class, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan on account of such claim or interest property of value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were to liquidate under Chapter 7.

H. That, except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to claim of a kind specified in §507(a)(3) or (a)(3) of the Code, on the effective date of the Plan, the holder of

such claim will receive on account of such claim cash equal to the allowed amount of such claim or has agreed to treatment otherwise, as required by 11 U.S.C. §1129(a)(9)(A).

I. That with respect to priority tax claims (11 U.S.C. § 507(a)(8)) the Plan complies with 11 U.S.C. § 1129(a)(9)(C).

J. That confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

K. That all fees payable under 28 U.S.C. §1930 have been paid or will be paid as of the effective date.

IT IS ORDERED that:

1. The Plan filed by the Debtor is hereby **CONFIRMED** and **APPROVED** by this Court, ***subject to the modifications set forth herein:***

a. With regard to the claim held by Class 1 claimant Deutsche Bank, the treatment of the claim shall be pursuant to the Deutsche Bank Stipulation entered into between the parties [Docket No. 101; order thereon is at Docket No. 103], which is incorporated into the Plan by this reference as if set forth in full, and is hereby **APPROVED.**

2. The Debtor shall distribute all property to be distributed pursuant to the terms of the Plan. The Debtor may employ or contract with other entities including attorneys to assist in or to perform the distribution of said property as provided for in the Plan.

3. Consistent with the provisions of the Plan, the effective date of the Plan shall be the first business day that is 14-calendar days following the entry of this Order.

4. Within 14-days of the effective date, the Debtor must file and serve a notice of the effective date on all creditors and the U.S. Trustee.

5. Costs owing by the Debtor to the Court Clerk, if any, shall be paid forthwith if not already paid.

6. The Court will retain jurisdiction over this bankruptcy case until a final decree is entered by the Court.

7. Consistent with the provisions of the Plan and because the Plan is confirmed consensually pursuant to §1191(a), the Debtor must file and serve all reports and notices in accordance with Local Bankruptcy Rule 3020-2(b).

8. Consistent with the provisions of the Plan and because the Plan is confirmed consensually pursuant to §1191(a), the confirmation of the Plan revests all of the property of the estate in the Debtor.

9. Pursuant to § 1141(c) of the Bankruptcy Code, and except as provided in the Plan, all property dealt with by the Plan, is free and clear of all liens, encumbrances, claims and interests of creditors, equity security holders, and of general partners in the Debtor.

10. Pursuant to Local Bankruptcy Rule 3020-1(e), if this case is converted to one under Chapter 7, the property of the reorganized debtor, or of any liquidation or litigation trust, or of any other successor to the estate under the plan, that has not been distributed under the Plan shall be vested in the Chapter 7 estate, except for property that would have been excluded from the estate if this case had always been one under Chapter 7. The automatic stay will be reimposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Court during this case.

11. A postconfirmation Status Conference will take place on June 17, 2025 at 2:00 p.m.

12. Not later than June 3, 2025, the Debtor must file a postconfirmation status report explaining what progress has been made toward consummation of the confirmed Plan. The postconfirmation status report shall be filed with the Court and served on the U.S. Trustee, the subchapter V trustee, all secured creditors, the 20-largest unsecured creditors, and those parties who have requested special notice.

13. The postconfirmation status report must comply with the provisions of Local Bankruptcy Rule 3020-1(b), be supported by evidence, and contain at least the following information:

a) A schedule listing for each debt and each class of claims; the total amount required to be paid under the Plan; the amount required to be paid as of the date of the postconfirmation status report; the amount actually paid as of the date of the postconfirmation status report; and the deficiency, if any, in required payments;

b) A schedule of any and all postconfirmation tax liabilities that have accrued or come due, and a detailed explanation of payments thereon;

c) The Debtor's projections as to his continuing ability to comply with the terms of the Plan;

d) An estimate of the date for Plan consummation and application for final decree; and

e) Any other pertinent information needed to explain the progress toward completion of the confirmed Plan.

14. The Debtor must file subsequent postconfirmation status reports no later than 14-days before any continued postconfirmation Status Conference, unless otherwise ordered by the Court.

###

Date: February 6, 2025

Neil W. Bason
United States Bankruptcy Judge

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, January 28, 2025** **Hearing Room 1545**

2:00 PM
**2:24-10037 Orlando F. Cabanday, Jr.** **Chapter 11**

**#2.00** Cont'd status conference re: Chapter 11 case
fr. 2/6/24, 2/20/24, 4/2/24, 5/7/24, 5/14/24, 6/25/24,
8/27/24, 9/24/24, 10/22/24, 11/19/24

Docket 1

**Tentative Ruling:**

**Tentative Ruling for 1/28/25:**
Confirm the Amended Plan and set a post-confirmation status conference, all as set forth below. Appearances are not required on 1/28/25. (If you wish to contest the tentative ruling, see the Posted Procedures of Judge Bason, available at www.cacb.uscourts.gov, then search for "tentative rulings.")

If you are making an appearance, you may do so (1) in person in the courtroom, unless the Court has been closed (check the Court's website for public notices), (2) via ZoomGov video, or (3) via ZoomGov telephone. For ZoomGov instructions for all matters on calendar, please see page 1 of the posted tentative rulings.

(1) Current issues
(a) Debtor's first amended chapter 11, subchapter V, plan of reorganization (dkt. 92, the "Amended Plan"), Ballots (dkt. 94), Order setting confirmation hearing (dkt. 97), Notice of errata re: budget projections (dkt. 99), Plan treatment stipulation with Deutsche Bank (dkt. 101) and order approving stipulation (dkt. 103), Confirmation brief and ballot summary (dkt. 106)
As a preliminary matter, even though there is no opposition on file, this Bankruptcy Court has an independent obligation to review the Amended Plan and disclosures for compliance with 11 U.S.C. 1129 and 1191. Based on that review, the tentative ruling is to approve the adequacy of disclosures and confirm the Amended Plan.
The starting point is Debtor's ballot summary (dkt. 106, pp. 21:5–22:17). Classes 1 and 2 are unimpaired and therefore "are conclusively presumed to have accepted the plan …." 11 U.S.C. 1126(f). Class 3 is comprised of the secured claim of Howard Grobstein, in his capacity as Plan

**United States Bankruptcy Court**
**Central District of California**
**Los Angeles**
**Neil Bason, Presiding**
**Courtroom 1545 Calendar**

**Tuesday, January 28, 2025** **Hearing Room 1545**

2:00 PM
**CONT... Orlando F. Cabanday, Jr.** **Chapter 11**

Trustee for the Plan Trust of Catherine Trinh (Case No. 2:18-bk-11475-RK) (the "Trinh Trustee"). The Trinh Trustee has executed a stipulation in support of the Amended Plan. Dkt. 90. The Amended Plan does not contain a Class 4. Class 5, which consists of general unsecured claims, voted to accept the Amended Plan.

Because all classes entitled to vote have accepted the Amended Plan, and based upon this Court's review of the relevant documents and records in this case, the tentative ruling is that the Amended Plan satisfies the requirements of 11 U.S.C. 1129 and 1191.

Proposed order(s): Unless otherwise ordered, Debtor is directed to lodge, via LOU within 7 days after the hearing date, an order confirming the Amended Plan and setting a post-confirmation status conference as set forth below (in part "(2)(d)" of this tentative ruling), and attach a copy of this tentative ruling, thereby incorporating it as this Court's actual ruling, subject to any changes ordered at the hearing. In addition, the confirmation order should include the language required by the local rules regarding post-conversion status reports and the effect of any future conversion. *See* LBR 3020-1(b), 9021-1(b)(1)(B). In addition, the confirmation order should direct Debtor to file a Notice Of Effective Date within 14 days after the effective date has occurred.

(2) Dates/procedures. This subchapter V case was filed on 1/3/24.
(a) Bar date: 3/13/24 per General Order 20-01 (70 days after petition date in Subchapter V cases) (DO NOT SERVE any notice: one has already been sent, *see* dkt. 12)
(b) Procedures Order: dkt. 8 (timely served, dkt. 14)
(c) Amended Plan (dkt. 92): See part "(1)(a)" of this tentative ruling, above.
(d) Post-confirmation status conference: 6/17/25 at 2:00 p.m. Post-confirmation status report due by 6/3/25.

**[PRIOR TENTATIVE RULING(S) OMITTED]**

| **Party Information** |
| --- |